UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TPAF IX THRIVE LLC,

    Plaintiff,

v.                                          Case No: 8:22-cv-2044-CEH-MRM

HELEN LAWSON,

    Defendant.
_____

## ORDER

This matter is before the Court upon review of the file. On September 22, 2022, the Court issued an Order directing the Defendant Helen Lawson to show cause as to why the case should not be remanded to state court due to lack of subject-matter jurisdiction. Doc. 6. Because Defendant failed to respond to the Court's order or to otherwise demonstrate jurisdiction is proper in this Court, this case is due to be remanded.

## DISCUSSION

On September 6, 2022, Defendant Helen Lawson ("Defendant" or "Lawson"), proceeding *pro se*, filed a Notice of Removal seeking to remove the state court eviction action against her, Polk County Case No. 2022-c-0039680000WH, to federal court. Doc. 1. Because it was unclear from the Notice of Removal that jurisdiction was

proper in this Court, the Court issued an Order to Show Cause on September 22, 2022.[1] Doc. 6. In the Court's Order to Show Cause, the Court directed Lawson to file a written response by October 6, 2022, stating why this case should not be remanded to the Tenth Judicial Circuit, in and for Polk County, for lack of jurisdiction and for Defendant's failure to pay the filing fee for removal. To date, Defendant has not responded to the Court's Order, nor has she sought an extension of time in which to do so. Defendant has not otherwise demonstrated jurisdiction is proper in this Court, and she has not paid the filing fee to remove a case to federal court.

Removal of cases to federal court is governed by 28 U.S.C. § 1441, which provides in part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* at § 1441(a). Federal district courts are courts of limited jurisdiction. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000). Parties seeking to invoke subject matter jurisdiction must show that the underlying claim is based upon either diversity jurisdiction (cases in which the parties

---

[1] Review of the docket reveals the Order to Show Cause was returned to sender. On October 3, 2022, the docket clerk resent the order to a forwarding address for Lawson that was reflected on the returned mail. Doc. 7. The Order sent to the new address for Lawson was not returned. It is Lawson's obligation to keep her contact information current with the Court. *See, e.g.*, Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented . . . [and] must state the signer's address, e-mail address, and telephone number.")

are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs"), or the existence of a federal question (*i.e.*, "a civil action arising under the Constitution, laws, or treaties of the United States"). *See* 28 U.S.C. §§ 1331–1332. Removal jurisdiction is construed narrowly with all doubts resolved in favor of remand. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998).

Federal courts must *sua sponte* inquire into subject matter jurisdiction whenever such jurisdiction may be lacking. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004); "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410. "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). The bases for federal subject matter jurisdiction are confined, as federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

Here, the underlying Complaint removed to this Court alleges a single claim under Florida law for eviction. No constitutional or federal law claims are alleged. *See* Doc. 1-1. Nor does the Notice of Removal or the allegations of the Complaint demonstrate the parties are diverse. "A removing defendant bears the burden of

3

proving proper federal jurisdiction." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)); *see Univ. of S. Ala.*, 168 at 411–412) ("The burden of establishing subject matter jurisdiction falls on the party invoking removal."). Defendant fails to establish that jurisdiction is proper in this court despite being given the opportunity to do so.

The Order to Show Cause gave Defendant until October 6, 2022, in which to demonstrate the Court's jurisdiction and pay the appropriate filing fee. The Order cautioned Defendant that failure to timely respond to the Court's Order would result in the action being remanded without further notice. Accordingly, it is

**ORDERED:**

1. This case is **REMANDED** to the Circuit Court for the Tenth Judicial Circuit, in and for Polk County, Florida, for lack of subject matter jurisdiction.

2. The Clerk is directed to transmit a certified copy of this Order to the Clerk of the Tenth Judicial Circuit Court, in and for Polk County, Florida.

3. The Clerk is further directed to terminate any pending deadlines and motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on October 17, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to: Helen Lawson, *pro se*
                     Counsel of Record